UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD BARCOMB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:16cv01884 SNLJ |
| | ) |
| GENERAL MOTORS, LLC, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on a dispute regarding the proper timing of plaintiff's economic damages expert disclosure. Plaintiff claims that defendant wrongfully discharged him. This Court entered a Case Management Order ("CMO") in February 2017. Plaintiff was to disclose his expert witnesses and reports by August 21, 2017 and produce the experts for deposition by September 22, 2017. The discovery period was to close on December 22, 2017.

On May 25, 2017, plaintiff disclosed its medical expert to defendant. Then, on August 16, plaintiff proposed extending the expert disclosure deadlines for both parties. Defendant agreed to an extension to October 20, 2017 for disclosure of experts and reports and to November 22, 2017 for expert depositions.

Then, on October 18, 2017, plaintiff proposed to extend the deadline for the close of all discovery, dispositive and *Daubert* motion deadlines, and the trial date. The defendant consented, and the deadlines were extended. Notably, the motion did not

propose further amending the expert discovery deadlines. Plaintiff proposed another change to the CMO on March 28, 2018. That motion did not propose amending the expert discovery deadlines but instead proposed extending the deadlines for the close of all discovery and dispositive motions, and plaintiff requested again that the trial date be reset.  The defendant consented, and the motion was granted.  Discovery was set to close on September 4, 2018.

On July 11, 2018, plaintiff disclosed to defendant plaintiff's economic damages expert, Dr. Scott Gilbert. According to Dr. Gilbert's report, he was first retained by plaintiff on May 7, 2018 --- six months after the expert disclosure deadline had passed.

The parties engaged and extensive electronic discovery, resulting in the production of over 100,000 pages of documents. Plaintiff notes that defendant did not produce some documents responsive to plaintiffs discovery request from September 5, 2017 --- including documents relevant to plaintiffs damages --- until June and July 2018.

When plaintiff's counsel disclosed plaintiff's expert to defendant on July 16, plaintiffs proposed deposition dates for Dr. Gilbert in July and August. Four days later, defense counsel asked whether the designation was timely.  Plaintiff explained that although the most recent amendment to the CMO did not specifically include extension of the expert deadlines, plaintiff believed  "it is consistent with the spirit of the amendment for the parties to complete all necessary discovery, including discovery regarding damages." (#27 at 3.)  Plaintiff also pointed out to defendant that plaintiff had only recently received all the documents responsive to his discovery requests regarding

2

damages. Furthermore, plaintiff observed that discovery regarding damages frequently occurs towards the end of discovery.

On August 7, 2018, after plaintiff's counsel had made many inquiries with respect to whether and when defendant would depose Dr. Gilbert, defense counsel stated that they would file a motion to strike the expert's disclosure as untimely. As a result, on that same day, plaintiff filed a motion to amend the CMO (#27) to extend expert-related deadlines. A week later, defendant filed a motion to exclude Dr. Gilbert's expert testimony and strike his report (#28), and defendant included in its memorandum in support an opposition to plaintiff's motion to amend the case management order.

Defendant contends that because plaintiff seeks to amend a deadline after it has passed, that plaintiff must show "excusable neglect" under Federal Rule of Civil Procedure 6(b)(1)(B). That Rule states that "the court may, for good cause, extend the time…on motion made after the time has expired if the party has failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

The Eighth Circuit has stated that where an "untimely expert disclosure was neither substantially justified nor harmless, it [is] within the power of the district court to impose sanctions under Rules 16 and 37." *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1009 (8th Cir. 1998). In *Trost*, however, the late expert report was disclosed after the defendant had filed for summary judgment as to liability. Here, plaintiff says that he had a good reason for delaying his report --- that he was still receiving damages-related discovery from defendants --- and that, unlike in *Trost*, the defendant will not suffer any

prejudice. Defendant may still depose Dr. Gilbert and propound its own expert under plaintiff's proposal.

It is unclear whether plaintiff simply forgot to extend the expert discovery deadline with the general discovery deadline or whether plaintiff was aware that the deadline had passed but belatedly decided to retain a damages expert. Regardless, it does appear that plaintiff did not acquire at least some damages discovery until quite late in discovery. Plaintiff disclosed the expert in plenty of time before the close of discovery, and any prejudice to defendant is minor and curable. Moreover, although it took defendant nearly a month to advise plaintiff that it would oppose plaintiff's late disclosure, plaintiff immediately moved to amend the CMO at that time.

Plaintiff proposed to produce his experts for deposition on or before September 17, with defendant identifying its expert on or before October 1 and depositions on or before October 31. Today is September 18. The Court invites the parties to agree upon an amended schedule and to so-advise the Court by September 25, 2018.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to amend the case management order (#27) is GRANTED.

**IT IS FURTHER ORDERED** that defendant's motion to exclude the expert testimony of Dr. Gilbert (#28) is DENIED.

**IT IS FINALLY ORDERED** that the parties shall agree upon an amended schedule for depositions and defendant's expert disclosure (if any), and plaintiff shall file the agreed-upon schedule as a motion no later than September 25, 2018.

Dated this  18th  day of September, 2018.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE