UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RICHARD BARCOMB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:16cv01884 SNLJ |
| | ) |
| GENERAL MOTORS, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion for costs and motion for leave to correct and submit its Verified Bill of Costs (#60, #66).

This Court granted summary judgment to defendant General Motors. Defendant moved for an order requiring plaintiff to pay defendant's costs totaling $8,535.55. In response, plaintiff objected to $2,867.95 of the costs and also noted that defendant had not verified the bill of costs with a signature. Thus, defendant filed a motion for leave to file the corrected bill of costs, explaining that counsel had inadvertently typed his name instead of adding an electronic signature. Plaintiff objected to the motion and requested that the motion for costs be denied outright.

Federal Rule of Civil Procedure 54(d)(1) provides that "costs…shall be allowed as a matter of course to the prevailing party unless the court otherwise directs." Under that rule, costs recoverable include (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the

case, (5) docket fees, and (6) compensation of court-appointed experts and interpreters. 28 U.S.C. § 1920. Rule 54(d) creates a presumption favoring the award of costs to the prevailing party. *Computrol, Inc. v. Newtrend*, 203 F.3d 1064, 1072 (8th Cir. 2000). The court has substantial discretion in awarding costs. *Id.*

Defense counsel promptly corrected the bill of costs. The Court will accept defendant's corrected, signed bill of costs. *See* Fed. R. Civ. P. 11(a).

Of the over $8,000 in costs requested by defendant, plaintiff objects to the following:

**$1,288.75 charge for videotaping deposition of plaintiff** where there was also a charge of $1,426.40 for the transcript of same deposition. Courts in this circuit have allowed recovery of costs for both video and written transcripts where video was used at trial. *E.g.*, *Johnson v. Bergh*, 4:06CV605 CDP, 2009 WL 36421, at *2 (E.D. Mo. Jan. 6, 2009); *Moore v. DaimlerChersler Corp.*, 4:06CV757 CDP, 2007 WL 1445591, at *1 (E.D. Mo. May 11, 2007); *Monsanto Co. v. Bayer Cropscience, N.V.*, 4:00CV01915-ERW, 2007 WL 1098504, at *3 (E.D. Mo. Apr. 12, 2007). Here, defendant explains that the credibility of the witness would have been a critical issue at trial, thus requiring a videotaped deposition for use at trial. This cost will be taxed against plaintiff.

**$50 for additional electronic copies of two depositions** for which defendant submitted two separate bills for the same electronic transcripts totaling $983.50. Defendant withdraws the duplicate request.

**$10 for electronic copies of transcripts** of depositions of Kim Schneider and Nicholas Gruber for which defendant also ordered paper copies. Defendant does not

explain that it would have been improper for it to have made its own electronic versions of these transcripts. As it appears these were purchased for convenience, the Court will not allow these costs.

**$32.50 for "Litigation Package"** beyond the costs of copies of transcript for deposition of Millie Donnelly. Defendant does not explain what this charge included. The Court will not allow this cost.

**$402.10 for exhibit-related costs** for depositions and **$76.50 for shipping and postage-related costs** for depositions. The exhibits and shipping appear to be necessary to litigation of the case, and the Court will allow the costs.

**$900 for expert witness fee** for the deposition of Dr. Scott Gilbert. Dr. Gilbert was plaintiff's economic damages expert. Plaintiff points out that § 1920 allows for recovery of costs, but not fees, related to court-appointed experts. Defendant argues only that the deposition was necessary to the litigation without explaining how this cost was recoverable in light of the "court-appointed" expert restriction. In support, defendant cites an Eighth Circuit case affirming the award of an expert's fees where the expert testimony was "crucial to the issues decided." *Nemmers v. City of Dubuque*, 764 F.2d 502, 506 (8th Cir. 1985) (internal quotation omitted). As other courts have recognized, however, it appears that the Supreme Court implicitly overruled *Nemmers* in *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440-45 (1987), when it held a prevailing party's recovery of expert-witness-related fees cannot exceed the statutory limit. *See, e.g.*, *McLelland v. Ridge Tool Co.*, 350 F. Supp. 3d 773, 778 n.2 (W.D. Ark. 2018); *Amana Soc., Inc. v. Excel Eng'g, Inc.*, 10-CV-168-LRR, 2013 WL 427394, at *9 (N.D.

3

Iowa Feb. 4, 2013).  *See also Johnson*, 2009 WL 36421, at *2 (noting that expert witness testimony costs did not properly include fee paid to expert). The Court will not allow this cost.

**$98.10 for mileage for deposition** of Shelley Hart, where her mileage appears to exceed 100 miles and her supporting documentation is inadequate.  Shelley Hart had retired from GM by the time of the deposition and she was living in Alabama.  She drove 90 miles round-trip two times (for a total of 180 miles), and defendant reimbursed her for her mileage.  It is unclear how else defendant should have substantiated this mileage.  Defendant agrees that plaintiff should be responsible only for the mileage to and from the deposition and proposes reducing the request to $49.05.  Because plaintiff does not appear to object to the cost generally, the Court will reduce the cost as proposed by defendant.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to file corrected bill of costs (#66) is GRANTED.

**IT IS FURTHER ORDERED** that plaintiff shall pay defendant $7494.00 in costs as explained herein.

Dated this   27th   day of March, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE